## STATE v. HENRY GREENHAGEN.[1]

July 6, 1923.

No. 23,483.

**Conviction for grand larceny sustained.**
> On appeal from denial of a motion for new trial in a criminal case, the record examined, and *held* not to present any error. The verdict was abundantly supported by the evidence.

Defendant was indicted by the grand jury of Wright county charged with the crime of grand larceny, tried in the district court for that county before Giddings, J., and a jury and found guilty as charged in the indictment. From an order denying his motion for a new trial, defendant appealed. Affirmed.

*F. E. Latham* and *Henry Spindler*, for appellant.

*Clifford L. Hilton*, Attorney General, and *James E. Markham*, Assistant Attorney General, and *Raymond C. Alley*, County Attorney, for respondent.

STONE, J.

After verdict and judgment of conviction on a charge of grand larceny, the defendant moved for a new trial; his motion was de-

[1]Reported in 194 N. W. 401.

nied, and he has appealed. The offense charged was the theft of 75 chickens of the value of $70.

The defendant assigns as error certain rulings on the admission and exclusion of evidence, and the refusal of the trial court to grant a new trial because of alleged misconduct of the complaining witness in associating and conversing with the jurors during the trial. It is claimed also that the verdict is contrary to the evidence. We have examined the record with care and find no assignment of error with sufficient merit to justify extended discussion.

The rulings with respect to the admission and exclusion of evidence were all clearly proper, well within the discretion of the trial judge.

The charge of misconduct of the complaining witness was that he was more or less constantly with the jurors, during recesses of the court, and conversed with them concerning the case, asserting the defendant's guilt. Those charges, if true, were within the rule of State v. Snow, 130 Minn. 206, 153 N. W. 526. They were presented to the trial court on affidavits. They were traversed by other and numerous affidavits, among them those of 11 of the jurors. The trial court determined this issue adversely to the defendant. The record indicates that it was determined correctly.

While the proof of defendant's guilt is very largely circumstantial, it is convincing. There was evidence warranting the belief that, when charged with the commission of the crime, he offered to make settlement. His whole behavior on that occasion seems more consistent with guilt than innocence.

The order appealed from is affirmed. The stay of proceedings and judgment granted by the order of this court is vacated, and the case remanded for execution of the judgment of the district court.